IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:15-CV-00091-RLV
(5:97-CR-00001-RLV-1)

| | |
|---|---|
| SEAN LAMONT DUDLEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on an initial review of Petitioner's "Motion for Immediate Release . . ." which the Court finds is in fact an unauthorized motion to vacate, set aside or correct sentence under the provisions of 28 U.S.C. § 2255(h). For the reasons that follow, the § 2255 motion will be dismissed as successive.

**I.   BACKGROUND**

Petitioner pleaded guilty in this district to one count of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count 1); and one count of aiding and abetting with the possession with intent to distribute cocaine, in violation of 21 U.S.C § 841(a)(1) and 18 U.S.C. § 2. Petitioner was sentenced to concurrent terms of 360-months' imprisonment and his judgment was affirmed on appeal. See United States v. Dudley, 165 F.3d 20 (4th Cir. 1998) (unpublished)

Since his judgment became final, Petitioner has filed several motions for collateral relief that have been dismissed by this Court — either on the merits or as unauthorized, successive motions under 28 U.S.C. § 2255(h). See, e.g., (Case Nos. 5:99-CV-152-RLV (W.D.N.C. Mar.

1

27, 2002), appeal dismissed, 46 F. App'x 188 (4th Cir. Sept. 23, 2002); 5:13-CV-00132-RLV (W.D.N.C. Oct. 9, 2013), appeal dismissed, No. 13-7906 (4th Cir. 2014); 5:13-CV-00161-RLV (W.D.N.C. Jan. 16, 2014); 5:14-CV-00028-RLV (W.D.N.C. Mar. 20 2014); 5:14-CV-00043-RLV (W.D.N.C. Apr. 14, 2014; 5:14-CV-00104-RLV (W.D.N.C. June 26, 2014) .

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

In his present motion, which he filed in his criminal case, Petitioner argues that he is entitled to immediate release from the Federal Bureau of Prisons because he has been falsely imprisoned based on what he contends was the acceptance of an fatally flawed guilty plea and multiple sentencing errors committed by this Court. (5:15-CV-00091, Doc. No. 1 at 1-3). District courts are bound to "classify *pro se* pleadings from prisoners according to their contents, without regard to their captions." United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003) (internal citation omitted). Petitioner's motion for immediate release challenges the legality of his criminal judgment and is properly considered under the provisions of § 2255 which provides in relevant part that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed

2

in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Section 2255 further provides that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Petitioner has failed to present evidence that he has obtained the necessary authorization from the Fourth Circuit to proceed with another collateral attack on his criminal judgment. The Court is therefore without jurisdiction to consider the merits, if any, of his motion. See, e.g, In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc); Winestock, 340 F.3d at 205. For the foregoing reasons, Petitioner's motion will be dismissed without prejudice.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's motion to vacate is **DISMISSED** without prejudice. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not
3

made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk of Court is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: August 19, 2015

Richard L. Voorhees
United States District Judge